IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER BUNN, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | 3:CV-07-891 |
| | : | |
| CHRISTOPHER ANGELINI, | : | JUDGE VANASKIE |
| ADMINISTRATOR, FEDERAL BUREAU | : | |
| OF PRISONS, USP LEWISBURG | : | |
| SATELLITE CAMP, | : | |
| | : | |
| Defendant | : | |

ORDER

March 5, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On May 16, 2007, Christopher Bunn, represented by counsel, commenced this habeas corpus proceeding pursuant to 28 U.S.C. § 2241. Petitioner, whose 96-month sentence will not expire before March of 2009, seeks a reduction in his custody level classification and a transfer for the remainder of his prison term either to home confinement or to a Residential Re-entry Center ("RRC").[1] The gist of Petitioner's position is that he meets the requirements for a custody level classification that would authorize confinement

---

[1] Residential Re-entry Centers had previously been called Community Confinement Centers ("CCC") or halfway houses, and those terms will be used interchangeably in this decision.

either at home or in an appropriate RRC, but the Federal Bureau of Prisons ("BOP") employs a categorical rule that blocks home or RRC placement for more than the final six months of an inmate's prison term. Petitioner argues that the BOP rule is contrary to the holding in Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), in which a divided panel of our Court of Appeals held that categorical temporal limitations on RRC placement conflicted with 18 U.S.C. § 3621(b).[2]

On June 7, 2007, Respondent replied to the habeas corpus petition. In the reply Respondent asserted that, even if Petitioner's custody level classification was reduced to "community," he would not receive RRC placement or home confinement because he had more than two years remaining to be served on his 96-month prison term. In support of this position, the Government cited Bureau of Prisons Program Statement 7310.04, which, in

---

[2]Section 3621(b) sets for the factors the Bureau of Prisons is to consider in designating the place of a convicted person's confinement. The pertinent factors include the nature and circumstances of the offense, the history and characteristics of the prisoner, any statement by the sentencing court, and any pertinent policy statements issued by the Sentencing Commission. Woodall was decided in the context of a 30-month prison term along with the sentencing court's recommendation, in which the prosecutor concurred, that the final six months be served in a halfway house. The BOP refused to consider the sentencing court's recommendation because it had a categorical rule in place that prohibited halfway house placement for more than the last ten percent of the inmate's prison term, which in Woodall's case, limited his CCC placement to three (3) months. Consideration for halfway house placement was mandated by the pre-release statute, 18 U.S.C. § 3624(c), which requires the BOP to allow an inmate to prepare for re-entry into the community by a halfway house placement near the completion of the inmate's prison term. Woodall bears no factual similarities to the case presented here.

pertinent part, states:

> An inmate may be referred [to an RRC] up to 180 days, with placement beyond 180 days <u>highly unusual, and only possible with extraordinary justification.</u>  In such circumstances, the Warden shall contact the Regional Director for approval and the Chief [United States Probation Officer] in the inmate's sentencing district to determine whether the sentencing judge objects to such placement. [Emphasis added.][3]

On June 28, 2007, Petitioner filed a reply brief in support of his request for habeas corpus relief.  In this submission, Petitioner argued that "the use of rules-based temporal restrictions [on RRC placement] is a <u>Woodall</u> violation and warrants the requested relief of an order transferring Petitioner to halfway house or to home confinement." (Dkt. Entry 20 at 3.)

Extended discussion of Petitioner's position is unnecessary in light of the unbroken line of case law that has rejected claims similar to those advanced here.  For example, in Brown v. Hogsten, 214 Fed.Appx. 124 (3d Cir. 2007), our Court of Appeals considered the claim of an inmate who argued that he should be released to a halfway house pursuant to 18 U.S.C. § 3621(b) and <u>Woodall</u>, even though he had years remaining on his sentence.  The unanimous panel, albeit in a non-precedential ruling, affirmed the Hon. Malcolm Muir's decision denying habeas corpus relief, Civ. No. 06-0262, 2006 WL 2038377 (M.D. PA. July 19, 2006), explaining:

---

[3]Program Statement 7310.04 is attached as Exhibit "D" to the Government's response, and can be found at Dkt. Entry 8-3, pp. 50-68.

> Contrary to Brown's assertions, Woodall does not require his immediate transfer to a CCC to serve the remainder of his sentence. Instead, Woodall prescribes the steps the BOP should take when considering 'in good faith' a prisoner's placement in a CCC. The District Court correctly held that Brown is not entitled to immediate placement in any particular facility, including a CCC.

Id. at 127.

In Swarzentruber v. Holinka, Civil No. 06-4928, 2007 WL 3237637 (D. Minn. Oct. 30, 2007), the Hon. John R. Tunheim addressed a similar claim. The petitioner, although having a projected release date years in the future, argued that he was eligible for RRC placement, contending that BOP program Statement 7310.04 conflicts with the discretionary factors expressed in 18 U.S.C. §3621(b). In rejecting this contention, Judge Tunheim found that the Program Statement was completely consistent with 18 U.S.C. §3624(c), which stipulates that the BOP "shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, <u>not to exceed six months</u>, of the last ten percentum of the term to be served" in a halfway house. Judge Tunheim explained:

> Program Statement 7310.04 expressly incorporates the statutory requirement of § 3624(c) by limiting the maximum term of RRC placement to six months. While §3621(b) sets forth discretionary factors to guide BOP's case-by-case determination of RRC eligibility, the language of §3624(c) makes clear that the BOP's exercise of discretion is limited, to the extent practicable, to six months of RRC placement. For these reasons, the Court finds that Program Statement 7310.04 does not improperly limit the BOP's discretion to make individualized determinations of prisoners' RRC eligibility.

Id. at *2. Accord Cretney v. Federal Bureau of Prisons, Civil Action No. 06-CV-15422, 2007

WL 4287556, at *3. (E.D. Mich. Dec. 5, 2007)("Every court to have considered the issue has concluded that the BOP has no initial or continuing duty to evaluate a prisoner's suitability for RRC placement, and has upheld the BOP's determination to conduct such reviews in the last 11 to 13 months of the sentence.").

I have previously addressed this matter in Rodriguez-Calderon v. Lindsay, No. 3:05-CV-2640, 2007 WL 2756878 (M.D. Pa. Sept. 20, 2007), app. dismissed, No. 07-3929 (3d Cir. Feb. 19, 2008), and Nunez v. Lindsay, No. 3:CV-06-1413, 2007 WL 1875797 (M.D. Pa. June 27, 2007), concluding in both cases that an inmate is not entitled to consideration for RRC placement years in advance of the projected expiration date of his sentence.  As I observed in Rodriguez-Calderon, "Woodall did not address the issue presented here, i.e., must the BOP consider the factors set forth in § 3621(b) when an inmate asks to be transferred to a Residential Re-entry Center for the final years of his sentence." 2007 WL 2756878 at *2.  In Nunez, I rejected the attempt to compel RRC placement several years before an anticipated release date, stating:

> Nothing in 18 U.S.C. § 3621(b) mandates if or when the BOP is required to transfer, or even consider an inmate's request for transfer, to any particular facility.  Rather, it is the pre-release statute, § 3624(c) which commands that consideration for Residential Re-entry Center placement will take place during the last ten percent or six months of a sentence . . . .
>
> Title 18 U.S.C. § 3621(b) does not provide an inmate any right or entitlement to have the BOP review an inmate generated request for transfer, even to a RRC, prior to an inmate's prerelease eligibility date.  Nunez's Good Conduct Time Release date is set as March 2, 2010, and his pre-release preparation

5

>date is September 2, 2009. Although the BOP, under the discretion granted it by Congress in § 3621(b), maintains the authority to place Nunez at an RRC for greater than six months if warranted, the BOP is not required to consider Nunez's request for RRC placement under § 3624(c) until he approaches the end of his term.

2007 WL 1875797 at *3.

Other members of this Court have reached an identical conclusion. See e.g., Narvaez v. Angelini, No. 4:CV-07-1227 (M.D. Pa. Sept. 5, 2007)(McClure, J.); White v. Hogsten, No. Civ. A. 1:06-CV-1088, 2006, WL 1878328 (M.D. Pa. July 6, 2006). In Narvaez, Judge McClure found that the BOP's use of "temporal restrictions (i.e., waiting until the last 11-13 months of a prisoner's sentence to consider a transfer to a CCC) to block the reduction of custody levels," did not conflict with 18 U.S.C. § 3621(b). As in Narvaez, the BOP decision in this case to block a reduction in Petitioner's custody level on the basis of Program Statement 7310.04 does not violate § 3621(b).

Given the consistent line of precedent rejecting the contention advanced here, i.e., an inmate is entitled to consideration for RRC placement years in advance of the anticipated expiration date of his sentence, the habeas corpus petition will be denied.[4] In light of the

---

[4] Respondent had also argued that the petition should be denied for failure to exhaust administrative remedies. Although it is undisputed that Petitioner did not pursue appropriate administrative remedies, he is not claiming that he had presented an "extraordinary justification" for RRC placement under Program Statement 7310.04. Instead, Petitioner is challenging the BOP's consistent position that, absent extraordinary justification, it will not consider an inmate for RRC placement for more than the last six months of the inmate's sentence. Under these circumstances, failure to pursue administrative remedies may be

denial of the habeas corpus petition, Respondent's motion for authorization to transfer Petitioner to another federal institution (Dkt. Entry 9) and its motion to strike an affidavit (Dkt. Entry 23) need not be decided.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. The Petition for Writ of Habeas Corpus is DENIED.

2. Respondent's motions for authorization to transfer petitioner (Dkt. Entry 9) and to strike Petitioner's affidavit (Dkt. Entry 23) are DISMISSED.

3. The Clerk of Court is directed to mark this matter CLOSED.

s/ Thomas I. Vanaskie  
Thomas I. Vanaskie  
United States District Judge

---

excused as it would have been futile to do so.  See Woodall, 432 F.3d at 239.